IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **ARTIS LISBON,** | : | **PRISONER HABEAS CORPUS** |
| BOP Reg. # 61947-019, | : | 28 U.S.C. § 2241 |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| **D. DREW, Warden,** | : | **CIVIL ACTION NO.** |
| Respondent. | : | 1:14-CV-721-TWT-AJB |

**UNITED STATES MAGISTRATE JUDGE'S
FINAL REPORT AND RECOMMENDATION**

Petitioner, Artis Lisbon, confined in the United States Penitentiary in Atlanta, Georgia, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Doc. 1.]  Petitioner has paid the $5.00 filing fee.  [*See* Dkt. Entry Mar. 12, 2014.]

The matter is before the Court for a preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases, which also applies to Section 2241 actions, as provided in Rule 1(b).  Summary dismissal of a habeas petition under Rule 4 is proper when the petition and the attached exhibits plainly reveal that relief is not warranted. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) (stating that Rule 4 dismissal is appropriate when petition "appears legally insufficient on its face").

**I.   Discussion**

Petitioner states that he is challenging his "custody classification and designated

institution." [Doc. 1 at 2.] According to an exhibit attached to the petition, Petitioner is classified as a medium security inmate with more than ten years remaining to serve. [*See* Doc. 1-6 at 2.] Petitioner alleges that his classification is incorrect and that Federal Bureau of Prisons (BOP) staff intentionally acted "to prevent [him] from being transferred to a low level institution . . . ." [Doc. 1 at 6-7, 8.] Petitioner claims that his safety is jeopardized by his incorrect classification because he is "in an environment with other inmates involved in violent and disruptive behavior . . . ." [*Id.* at 7, 8.] Petitioner also claims that the failure of BOP staff to correct his classification in his inmate records constitutes a violation of the Privacy Act, 5 U.S.C. § 552a. [*Id.*] Petitioner seeks correction of his records, transfer to "a low level institution," and damages. [*Id.* at 8.]

Petitioner indicates that he has followed the administrative remedy procedure provided by the BOP, [*see id.* at 2-4], and he has supplied copies of the relevant documents, [*see* Docs. 1-1, 1-2, 1-3, 1-6]. Therefore, it appears that Petitioner has properly exhausted his administrative remedies. *See O'Brien v. Seay*, 263 Fed. Appx. 5, 8 (11th Cir. Jan. 15, 2008) (per curiam); 28 C.F.R. §§ 542.13-542.15 (describing procedure as "informal resolution" followed by formal request to Warden on BP-9 form and appeals to Regional Director and General Counsel on BP-10 and BP-

AO 72A
(Rev.8/82)

11 forms, respectively).

The United States Court of Appeals for the Eleventh Circuit "has considered an attack by a federal prisoner on his place of confinement to be relief sought pursuant to 28 U.S.C. § 2241." *United States v. Saldana*, 273 Fed. Appx. 845, 846 (11th Cir. Apr. 15, 2008) (per curiam); *see also Meza v. Wells*, No. CV 309-075, 2009 WL 4250026 at *1 (S.D. Ga. Nov. 23, 2009) (applying *Saldana*). However, prisoners do not have a constitutional right to a particular classification or to be housed in or transferred to a particular facility. *See Olim v. Wakinekona*, 461 U.S. 238, 244-46 (1983); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Meachum v. Fano*, 427 U.S. 215, 223-25 (1976); *cf. Solliday v. Federal Officers*, 413 Fed. Appx. 206, 210 (11th Cir. Feb. 9, 2011) (holding that an inmate has no liberty interest in a particular classification, prison assignment, or transfer even if the inmate loses access to rehabilitative programs and experiences more burdensome conditions than before) (citing *McKune v. Lile*, 536 U.S. 24, 39 (2002)). Pursuant to 18 U.S.C. § 3621(b), the BOP has broad discretion to designate the place of an inmate's imprisonment. Petitioner's disagreement with his classification, dissatisfaction with his current facility, and general concern that other inmates are violent and disruptive are not grounds for

3

§ 2241 relief.[1]

Petitioner's Privacy Act claim is not properly brought within a § 2241 petition. If Petitioner wishes to pursue such a claim, he must file a separate action and either (1) pay the $350.00 filing fee and $50.00 administrative fee that apply to that action, or (2) seek leave to proceed *in forma pauperis*. The Court notes that the Privacy Act allows an individual to bring a civil action against an agency that "fails to maintain any record concerning [the] individual with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination relating to the . . . rights, or opportunities of, or benefits to the individual that may be made on the basis of such record . . . ." 5 U.S.C. § 552a(g)(1)(C). However, the BOP's inmate records are exempt from the Privacy Act. *See* 28 C.F.R. § 16.97(a), (j); *Scaff-Martinez v. Fed. Bureau of Prisons*, 160 Fed. Appx. 955, 956-57 (11th Cir. Dec. 29, 2005) (per curiam).[2]

---

[1] Petitioner executed his § 2241 petition on February 23, 2014. [Doc. 1 at 9.] According to the BOP's final decision on Petitioner's claims, Petitioner was scheduled to be considered "for a lesser security transfer" after March 19, 2014. [Doc. 1-6 at 2.]

[2] Petitioner relies on *Sellers v. Bureau of Prisons*, 959 F.2d 307 (D.C. Cir. 1992), in which a federal prisoner was permitted to proceed with a Privacy Act claim. *Sellers*, 959 F.2d at 312-13. *Sellers* is unavailing because it has been superseded by 28 C.F.R. § 16.97(j). *See Clow v. Fed. Bureau of Prisons, U.S. Prob. Office*, No. 08cv01121 (ESH), 2008 WL 2885781 at *1 (D.D.C. July 25, 2008).

## II. Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that the § 2241 petition, [Doc. 1], be **DISMISSED** pursuant to Rule 4.  Because a federal prisoner does not require a certificate of appealability (COA) to appeal the dismissal of a § 2241 petition; *see Sawyer v. Holder*, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003), the undersigned offers no COA recommendation in this matter.

**IT IS FURTHER RECOMMENDED** that Petitioner's Privacy Act claim be **DISMISSED WITHOUT PREJUDICE**.

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**IT IS SO RECOMMENDED and DIRECTED**, this  28th  day of March, 2014.

ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)